MURPHY v. DREW.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

JUSTICES OF THE PEACE—APPEAL—PRESUMPTIONS.

In an action in a justice's court for failure of defendant to deliver possession of a colt, plaintiff gave evidence that the value of the colt was between $50 and $60, while defendant's evidence tended to show that its value was little or nothing. Defendant was also allowed to prove the value of the pasturage of the animal while having possession thereof. The justice did not charge the jury, which returned a verdict for $35 in favor of plaintiff. *Held*, that the presumption was that the jury considered all the evidence, and that it made allowance to defendant for pasturage.

Gaynor and Jenks, JJ., dissenting.

Appeal from Orange County Court.

Action by James H. Murphy, an infant, by John P. Murphy, his guardian ad litem, against Emanuel Drew. From a judgment of the County Court reversing a judgment of a Justice's Court in favor of

plaintiff, he appeals. Judgment of the County Court reversed, and judgment of the Justice's Court restored.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

William P. Gregg, for appellant.
Frank Lybolt, for respondent.

HOOKER, J. This is an appeal from a judgment of the Orange County Court reversing a judgment of the justice of the peace entered after the verdict of a jury in favor of the plaintiff. The evidence was conflicting. There was sufficient evidence to support the verdict of the jury to the effect that the plaintiff was the owner of a colt; that it was in poor condition; that at the defendant's suggestion the plaintiff allowed him to pasture it. the agreement at the time being that the plaintiff was to pay the reasonable value of this service; that after the colt had been in defendant's possession about six months a demand was made for it, on behalf of the plaintiff, accompanied by a tender of $25 to pay the reasonable value of defendant's services for its care, but that defendant refused to deliver up possession. Plaintiff introduced evidence tending to show that the value of the colt at the time of defendant's refusal to deliver was between $50 and $60. The defendant denied the agreement to take the colt to pasture, and swore that the colt was a gift to him from the plaintiff. For the evident purpose, however, of meeting a possible situation where the jury might believe the plaintiff's testimony, he offered evidence, which was received, tending to show the value of the care of the colt, and also introduced evidence tending to show that the value of the colt was little or nothing. The jury evidently credited the plaintiff's story, and found that there was no gift. It rendered a verdict for $35 in favor of the plaintiff, which would seem to indicate that it made the defendant an allowance for pasturage. The learned County Court in reversing the judgment said that:

"The case was tried and submitted to the jury upon the theory that the facts alleged in the answer were not available against the claim of the plaintiff because of his infancy. I think this was a mistaken view of the rights of the parties, and that the judgment should be reversed."

There is nothing in the record as it is submitted to this court to indicate that the case was either tried or submitted to the jury on any such theory. The defendant was allowed to and did prove by his own evidence and that of a stableman what the value of the pasturage was, and this evidence was in the case, and proper to be considered by the jury in its deliberations. The justice did not charge the jury, and the presumption is that it considered this evidence as well as the other evidence in the case.

We have examined the rulings adverse to the defendant upon the admission of evidence with the result that we are of the opinion that no reversible error was committed by him in that respect.

The judgment of the County Court must therefore be reversed, and

the judgment of the justice of the peace affirmed, with costs in the County Court and in this court to the appellant.

WOODWARD and RICH, JJ., concur.

GAYNOR, J. (dissenting). It seems to me that the judgment could not be sustained, and that it was properly reversed by the learned county judge. Mr. Justice HOOKER may be right in concluding that the jury reached their verdict of $35 by deducting the value of the keep, doctoring and care of the colt by the defendant for the seven months from the value of the colt at the time the plaintiff demanded its return. But the trouble is that there was no competent evidence on the plaintiff's side of the value of the colt. There was no testimony on that head on his side except that of the 17 year old plaintiff himself; who testified that the value of the colt was $100. His testimony was ob·jected to on the ground that he was not qualified to give the value, and there is no evidence that he was. The exception to the admission of the evidence was not only technically good, but it was vital. The verdict in respect of the colt's value has no basis. That the defendant gave evidence of such value does not cure the error. If that evidence had been accepted the plaintiff would not have recovered so large a verdict, if at all. The evidence for the defendant of the value of the doctoring, care and keep of the sick colt ($84, i. e., $12 a month) was of a sum larger than the evidence on his side of the value of the colt.

The judgment should be affirmed.

JENKS, J., concurs.